## J. M. STEVENS *v.* J. D. DURRETT *et al.*

1. CHANCERY COURT—PURCHASE OF LAND AT AN ADMINISTRATOR'S SALE, BY AN ORDER OF THE PROBATE COURT.—J. D. Durrett, D. W. Durrett and J. W. Durrett, heirs at law of Z. W. Durrett, deceased, sued Jas. M. Stevens in ejectment, for the recovery of certain lands. They state in their declaration, that their right of action accrued on the 1st of January, 1867. They claim $400.00, for use and occupation of the premises. Defendant pleaded the general issue, and, pleaded also, that he was a *bona fide* purchaser of the land sued for, and claims $415 00 for valuable improvements made on the place. It was admitted that Z. W. Durrett died seized and possessed of the land in controversy, and that there are five other heirs, not made parties to the suit. Defendant offered to read in evidence, a transcript of the proceedings of the probate court, in the matter of the sale of the land by the administrator of Z. W. Durrett, deceased, by which defendant derived his title; plaintiff objected; the objection was sustained. *Held*: That the court below ruled correctly in sustaining the objection. The proceedings of the probate court on the estate of the ancestor of the plaintiff in the action, disclosed the fact, that the sale of the realty was made without any order of the probate court, and without service of citation upon the heirs, and the administrator was a stranger to the real estate. If there had been a sale under a decree of the probate court which was for some cause void, the heirs could not be denied their right of recovery. The purchaser has only a lien on the land for the money advanced by him. Act of February 11, 1873.

2. RIGHT OF PURCHASER.—The rights of the purchaser under such circumstances, whatever those rights may be, are equitable rights and can be enforced only in a court of equity.

Error to the circuit court of Itawamba county.    Hon. B. B. Boone, Judge.

The facts of the case are fully stated in the opinion of the court.

The following are the assignments of error:

1. The court erred in rejecting all the testimony of plaintiff in error.

2. The court erred in overruling defendant's motion for a new trial.

*Clayton & Clayton,* for plaintiff in error:

We contend that a ratification of a void or irregular sale may be shown in a court of law as well as in a court of equity.    It is true that most of the cases referred to in *our* reports are cases of ratification in equity, and cases of equitable estoppel.    But not all.    The case of Lee v. Gardiner, 26 Miss., 521, is a case at law.    The court there, on page 548, say : that "if it (administrator's sale) was void as to the heirs of the deceased, as is stated, it is shown by the evidence to have been acquiesced in and ratified by them, and that they received their portions of the proceeds.    This would estop them from denying the validity of the sale."

The case of Wilie v. Brooks, 45 Miss., 542, was, it is true, a case of equity.    But on page 547 of that case, the court make the broad assertion, "that if the heirs received, by distribution, the purchase money of the lands in controversy, the adults at least are estopped from contesting the title; and this is the settled doctrine in this State."    And here a reference is made to the case of Lee v. Gardiner, 26 Miss., and Kempe v. Pintard, 32 Miss., 324, the first of which was a case at law, and the other a case in equity.    But, in enunciating the principles of the law, on the subject of the ratification of void sales, in the case of Kempe v. Pintard, the case of Lee v. Gardiner is again referred to with approbation, and no distinction is made as to where, or in what court the acts of ratification may be shown and taken advantage of.    But clearly, to our minds, if a party has done anything which

operates as an estoppel to his asserting a right to any piece of property, the opposite party is entitled to the full benefit of the estoppel in any and every court where any question may be raised in relation to the title or possession of the said property. The object of the testimony offered by the defendant was for the purpose : 1st. Of showing a sale of the land by the administrator of Durrett. 2d. That the plaintiffs received their *pro rata* share of the proceeds of the sale thereof, and therefore ratified said sale. 3d. To show that the said plaintiffs received said purchase money, and are therefore estopped from claiming title to the said lands. The record was competent evidence to show the sale by the administrator and the purchase by the defendant. All the cases referred to, and all which we have any knowledge of, clearly show that a reception of the purchase money under a void sale, ratifies the sale. The only question raised in the court below, as is shown by the bill of exceptions, was, that the ratification could not be shown at law. We know of no case which goes to this extent. A ratification is an approval, either expressed or implied, of an act done by another for us, or on account of our property. Now, if A sell a horse to B, which belonged to C, and C receive from A the purchase money, and afterward C bring an action of replevin for the horse against B, would not B be entitled to show, in a court of law, that C received from A the purchase money for the horse, and thereby ratified the sale? We think, to ask the question, is to answer it in the affirmative. This is the very case we have here, except that the sale was of land. This, in our opinion, does not alter the case, because a person may lose his lands by acts and declarations without any writing, as in the case of Dickson v. Green, 24 Miss., 612. There is nothing peculiar about the doctrine of ratification of void sales, by administrators, by the heirs receiving the purchase money, which gives jurisdiction to a court of equity alone. The reason, we think, why most of the cases reported on the subject are equity cases is, that proceedings at law have been enjoined in order

to show a ratification, to perpetually enjoin the proceedings at law, and to settle all the conflicting interests of all parties concerned, and not because of a want of jurisdiction in the courts of law to take cognizance of the question. Again, it must be remembered, that the courts of law are ever advancing in progress, and those principles of law which were alone administered in a court of equity years ago, are now household words in the courts of law, and are administered by them daily.

Equity generally advances a new principle of right and justice, and the courts of law soon follow and administer it. For instance, in the case of Short v. Porter, 44 Miss., 533, the court of equity announced the doctrine that if an administrator sell land to pay debts, and the purchase money be applied by the administrator to the payment of the debts of the estate, that it is a charge upon the land which a court of equity will enforce. In a few years the courts of law will adopt and carry out said doctrine. So that a purchaser at a sale of this kind can show such facts as a defense to an action of ejectment for the land by the heirs. The legislature, by act approved February 11, 1872, have provided that, in all cases where land has been heretofore sold by order of the probate or chancery court, and shall be held void or voidable for any reason, if the purchase money has been paid to the distributees, or paid out on the debts of the decedent, then the heirs recovering the same by action of ejectment or otherwise, shall hold the same subject to the payment of said purchase money. Although this act has been passed since this case was decided in the circuit court, it makes no difference; the law comes in to aid us now while the question is still pending, if we needed any assistance, and under this law it is clear that the testimony was admissible. Then all the questions of valuable improvements, rents, etc., can be settled, and the land held to be charged, in the hands of the plaintiff in error, with all money paid by the purchaser to said plaintiffs, or paid to the administrator and by him paid out on the debts. Under

this law, we suppose, the plaintiffs would not be estopped from claiming the land, but would hold it subject to the charge of the purchase money.

*Finley & Cayce*, for appellee:

Counsel in this action relies upon a ratification of a void sale, by asking a court of law to investigate the proceeding of the administrator and guardians, to see if the purchaser of the land in controversy acquired a title by a void sale, and if no title was acquired by the purchase, they can only claim an *equity*. And if, in the language of the supreme court, in Short v. Porter, the purchaser acquired no title by the purchase, but on the payment of the purchase money, an equity arose in his favor, which he might enforce in a court of equity, and then contend that, even if there did arise an equity in favor of the plaintiffs in error and a ratification by the heirs, by receiving the purchase money, he must certainly go to a court of chancery to enforce his equity. It would be, in effect, blotting out all distinction between a court of law and a court of equity, and we know of no case where a court of law would take jurisdiction of a case where only an equitable case is presented, notwithstanding the argument of counsel for appellants, that in a few years the courts would go to that extent. And as to the proof offered by the appellant, we do not think it would bear the construction placed upon it by the counsel for appellants. There is no notice at all, and consequently the sale is not voidable, but absolutely void, and could not be ratified; but if so, how will the court ascertain that fact? Not, certainly, by the record.

The sale bill of personal property certainly amounts to more than the guardians claim to have distributed to their wards: twenty dollars being the whole amount received by one of the plaintiffs, D. W. Derrett, and twelve dollars by the other. So upon the whole, we think the court did not err in excluding the testimony offered by appellant.

*Harris & George*, on same side :

Z. W. Durrett died possessed of the quarter section of land in controversy ; he left eight heirs ; three brought this suit (it was afterwards abated as to one), and recovered two undivided eighths of the tract as heirs of their father. The defendant undertook to make this defense : That one Warren was appointed administrator of Z. W. Durrett ; petitioned to sell the land to pay debts ; citation was issued and service acknowledged by guardians of the minor heirs (one of the plaintiffs was an adult, and no service as to him). On this petition and service the administrator, *without any order or decree of the court,* sold the land to defendant for about $700.00 ; two years afterwards he gave a bond to account for the proceeds ; defendant offered to prove that one of the plaintiffs was of age when the land was sold ; was present at the sale, and made no objection, and afterwards received from the administrator his *pro rata* share of the sale ; that the guardian of the other plaintiff received his *pro rata* share of the sale, and what he did not spend for the ward he paid him after his arrival at majority.

All this evidence was excluded, and the defendant excepted. The sale was utterly void ; the administrator was personally a stranger to the land ; he did not have even the form of a void decree, but made the sale without any pretense of right to do so. And the question is, whether, under these circumstances, either plaintiff is bound by showing that he received the proceeds. If, under these circumstances, there was any estoppel, it was purely an equitable one. Certainly no title passed by the sale. If plaintiffs are concluded by it, it is in equity by estoppel. The sale was void and the legal title in plaintiff. There is no case in which such a defense was made at law, and the fact that resort was had to equity to restrain the action at law is conclusive that no legal defense could be made. See Willer v. Brooks, 45 Miss., 542.

TARBELL, J., delivered the opinion of the court :

Ejectment by J. D. Durrett, D. W. Durrett and J. W. Dur-

rett, against James M. Stevens, for the recovery of a quantity of land described in the declaration. The right of the plaintiffs is stated to have accrued January 1, 1867, and they claim $400.00 for use and occupation from said date to the commencement of the suit. There was the usual plea of "not guilty," and a further plea that the defendant was a *bona fide* purchaser of the land sued for, together with a claim for valuable improvements, to the amount of $415.00.

It was stipulated on the trial that Z. W. Durrett, father of plaintiffs, died siezed and possessed of the lands described in the declaration ; that the plaintiffs are the heirs at law of said Z. W. Durrett, and that there are five other heirs, not made parties to this suit. Here the plaintiffs rested their cause, when the defendant offered to read in evidence a transcript of the proceedings of the probate court in the matter of the estate of Z. W. Durrett, deceased, and of the guardianship of his minor heirs, to prove a sale of the land sued for by the administrator of Z. W. Durrett, deceased, under an order of the probate court, and that the guardian of the plaintiff, J. D. Durrett, received his share of the money for which the land sold, and applied to his use, and settled with him for it after he became of age.. To the introduction of this testimony the plaintiffs objected, because defendant could not make such defense at law, and because the proceedings of the probate court for the sale of said lands were void. The objection was sustained, and the defendant excepted. A verdict having passed for the plaintiffs, there was a motion for a new trial, on the following grounds :

1. Because the court erred in rejecting the evidence offered by the defendant.

2. Because the jury found contrary to law and the evidence.

This motion being overruled, the defendant prosecuted a writ of error. The case, with the errors assigned, presents the single question, whether the evidence offered by the defendant, and rejected by the court, constituted a defense at law. An inspection of the proceedings of the probate court

VOL I—27

on the estate of the ancestor of the plaintiffs in the action, discloses the fact that the administrator sold the real estate involved without any order of the court, and without service of citation upon the heirs to show cause why an order of sale should not be made, though with the consent of the guardians of some of the heirs. Under these circumstances, the administrator was a stranger to the real estate, without even color of right of occupation, or of interference for any purpose, and as to a sale, without the pretext or shadow of authority. He was literally a stranger, and with only a stranger's right as to the realty.

Conceding the evidence offered by the defendant to be established, would the facts constitute an estoppel? Is such a defense cognizable in a court of law? Has the defendant such an interest in the land as a court of law can make effectual for any purpose? These are some of the questions to which the case gives rise.

. It is not necessary, and it would be improper to decide whether the evidence offered, if undisputed, would constitute an estoppel, either at law or in equity. Neither is it necessary or proper to determine, what interest the defendant in the action has in the land in controversy. Counsel urge that the facts constitute an estoppel, which can be entertained in a court of law. The answer is, that, upon the facts as now presented, the rights of the purchaser of the land involved, whatever they may be, are equitable only, and being an equity, can be enforced only in the courts of equity. Even if there had been a sale under a decree of the probate court, which decree was, for some cause, void, the heirs could not be denied their right of recovery upon their legal title, save by the restraining power of a court of equity. Whether, in the latter court, the purchaser (defendant) has only a lien on the land for the money advanced by him; whether the facts, when fully developed, will authorize a court of equity to enjoin the further prosecution of the suit at law, and hold the heirs estopped from asserting their right to recover the land, even subject to a lien for the

money paid by Stevens on his purchase; or, indeed, whether he has any rights, in law or equity, either to the land itself, under the doctrine of estoppels, or to a reimbursement of his money, it is not intended to decide at this time. But only this, that the rights of Stevens, whatever they are, if he has any, are equitable, and his remedy is consequently in equity. This, upon the case made in the record, is understood to be the general doctrine, and is the declared rule in this State.

An act of the legislature, approved February 11, 1873, with reference to lands sold pursuant to void or voidable orders of courts of probate, is in these words: "That in the sales of real estate, heretofore made, under a decree of any probate or chancery court of this State, for the payment of debts or for distribution among their heirs, legatees or distributees of any intestate or testator, when the purchase money arising from such sale, has been in good faith, paid by the purchaser to the administrator, executor or commissioner, and has been applied in good faith to the payment of debts or distributed among the heirs, legatees or distributees, and such sales are afterwards shown to be void or voidable for any cause, the heirs, legatees or distributees, having the legal right to recover the same by an action of ejectment, or otherwise, shall hold said real estate subject to the payment of said purchase money to said purchaser, or any party holding under him by purchase, descent, or otherwise."

The sale in the case at bar having been made without any order or decree, this act is quoted more for information, than for its bearing upon this particular case, if indeed it has any, in view of the facts.

Judgment affirmed.